IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2010 OCT 18 PM 12: 53

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| DARRIUS DAMOND BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-006 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

The above-captioned case is presently before the Court on Defendant's Motion to Dismiss for lack of prosecution. (Doc. no. 8.) Plaintiff commenced this case *pro se* under the Social Security Act pursuant to 42 U.S.C. § 405(g) and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 3.) The Court ordered that service be effected upon Defendant, and on April 16, 2010, Defendant filed his answer to Plaintiff's complaint. (Doc. no. 5.) Thereafter, the Court issued a Briefing Order in which Plaintiff was directed to file his brief within thirty days of the Order. (Doc. no. 7, p. 3.) Thus, Plaintiff's brief was due on or about May 28, 2010. Plaintiff did not file his brief. On August 24, 2010, Defendant filed the instant motion seeking dismissal for lack of prosecution (doc. no. 8), to which Plaintiff did not respond. On September 14, 2010, the Court issued an Order directing Plaintiff to respond to Defendant's Motion to Dismiss within fifteen days and notifying Plaintiff that failure to do so would result in the Court deeming Defendant's motion unopposed. (Doc. no. 9.) Plaintiff

did not respond to the Court's September 14th Order. Because Plaintiff failed to respond to Defendant's Motion to Dismiss, the Court deems the motion unopposed pursuant to Local Rule 7.5. The deadline for Plaintiff to file his brief and to respond to the Defendant's Motion to Dismiss expired long ago. Yet, Plaintiff has not filed his brief, responded to the Motion to Dismiss, explained his failure to do so, or communicated with the Court in any way.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Plaintiff's failure to respond to Defendant's Motion to dismiss, along with his failure

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to comply with Court orders or to communicate with the Court in any way, amounts to a failure to prosecute, and it is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction. The Court is not permanently barring Plaintiff from bringing a meritorious claim, it is simply dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendant's Motion to Dismiss (doc. no. 8) be **GRANTED**, that this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of October, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE